# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS NEWBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1064-NJR |
| ) | |
| ) | |
| JERRY HOWELL, DANIEL SULLIVAN, ) | |
| and MICHAEL PROCTOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Thomas Newby, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Howell used excessive force against him in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations: On March 3, 2019, Plaintiff got into a verbal disagreement with food supervisor Howell, which resulted in Howell placing Plaintiff in a head lock, grabbing him by the shirt, and pulling him to the ground. Howell fell, causing Plaintiff to hit and injure his head (Doc. 1, p. 6). As a result of the encounter, Plaintiff lost his job. He asked both food supervisor Proctor and warden Sullivan for his job back, but they refused. (*Id*. at p. 7).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** Howell subjected Plaintiff to excessive force in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Preliminary Dismissals**

Plaintiff alleges that he asked Proctor and Sullivan for his job back after he lost his job because of his encounter with Howell, but that they both refused to give him his job back. He fails, however, to allege that their refusal resulted in a deprivation of his constitutional rights. Because

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff fails to allege that Proctor and Sullivan violated his constitutional rights, the Court **DISMISSES** all potential claims against Proctor and Sullivan without prejudice.

## Count 1

At this stage, the allegations of the Complaint state a viable claim against Jerry Howell for excessive force. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

## Pending Motions

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written four attorneys and only one responded, declining to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendant has not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons set forth above, Count 1 shall proceed against Howell. Proctor and Sullivan are **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to **TERMINATE** them from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk of Court shall prepare for Defendant Jerry Howell: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Because the Court is directing service, the Court **FINDS MOOT** Plaintiff's motion for service of process at government expense (Doc. 4).

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/10/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**